FILED

2016 Feb-12  PM 03:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **MASTAKI SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **PROFESSIONAL DEBT** | ) | |
| **MEDIATION, INC.; EXPERIAN** | ) | |
| **INFORMATION SOLUTIONS,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Mastaki Smith, by and through counsel, and

for Plaintiff's Complaint against the Defendants states as follows:

1.    This action arises out of all Defendants' violations of the Fair Credit

Reporting Act[1]   (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"]), and

violations by Defendant PDM of the Fair Debt Collection Practices Act  (15

U.S.C. § 1692 et seq. [hereinafter "FDCPA"]) and state law.

---

[1] Any reference the FCRA or FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

## **INTRODUCTION**

2.  Plaintiff disputed the PDM (Professional Debt Mediation) reporting on Plaintiff's Experian credit report multiple times.

3.  In the disputes, Plaintiff informed Defendants Experian and PDM that the debt was not owed and should not to be reporting.

4.  Defendant Experian refused to properly investigate the dispute and refused to remove the false PDM information.

5.  Defendant PDM refused to investigate the dispute and refused to remove the false PDM information.

6.  In all disputes Plaintiff provided Defendants with more than sufficient information for Defendants to conduct an investigation into Plaintiff's dispute.

7.  Defendants refused to investigate and to remove the false reporting on the account from Plaintiff's credit report.

8.  This is part of a deliberate policy and procedure at Defendants Experian and PDM to refuse to properly investigate disputes from consumers, thereby frustrating the purpose of the Fair Credit Reporting Act[2] (hereinafter "FCRA") and damaging consumers in Alabama and others around the country.

---

[2] And for Defendant PDM, the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION

9.   Personal jurisdiction exists over Defendants as they have the necessary minimum contacts with the State of Alabama and this suit arises out of its specific conduct with Plaintiff in Alabama.  All the actions described in this suit occurred in Alabama.

10.   Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

11.   Venue is proper as Plaintiff lives in Alabama in this judicial district and the Defendants do business in this judicial district.

## PARTIES

12.   Plaintiff Mastaki Smith (hereinafter "Plaintiff") is a natural person who is a resident of Alabama.

13.   Defendant Professional Debt Mediation, Inc. ("Defendant" or "PDM[3]") is a foreign debt collection firm that engages in the business of debt collection in

---

[3] "PDM" means Professional Debt Mediation, Inc. directly or through its debt collectors, employees and agents who credit reported against Plaintiff, or otherwise took any collection action against Plaintiff.

this judicial district in Alabama.  It is a "debt collector" under the FDCPA. It is incorporated in Florida and has its principal place of business in Florida.

14.   Defendant PDM claims to collect on defaulted consumer debt.

15.   Defendant PDM sends collection notices to consumers, makes collection calls to consumers, and credit reports on consumers.

16.   Defendant Experian Information Solutions, Inc., ("Defendant" or "Experian") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.  Its principal place of business is the State of California and it is incorporated in Ohio.

## RECOGNITION BY CONGRESS OF THE WIDESPREAD ABUSE BY COLLECTORS

17.   Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

18.   Congress recognized that there are four social ills caused by abusive debt collection:  (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

19.   Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

20.   15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a)   There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b)   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)   **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d)   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)   It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## FACTUAL ALLEGATIONS

21.   In 2012, Defendant PDM made a settlement offer on a consumer debt it claimed Plaintiff owed related to an apartment complex ("Park@RockyRidge").

22.   As of June 14, 2012, Defendant PDM accepted payment by Plaintiff, which completed the settlement of this debt.

23.  The amount paid was $2,595.00.

24.  A critical term of settlement was the promise by Defendant PDM that "we will request manual deletion of any negative trade lines associated with the above name client."

25.  Plaintiff found out this account was still being reported on his Experian report.

26.  As one of many examples, Plaintiff disputed the account through Defendant Experian and on February 26, 2015, Defendant Experian kept the account on Plaintiff's credit report with a current balance owed.

27.  As of June 2012, the account should have been deleted and certainly should not have a balance.

28.  Multiple calls to Defendants have been made and Defendants have refused to fix the blatant error.  These calls were frustrating as both Defendants blamed Plaintiff and refused to admit the false reporting should be deleted.

29.  Defendant PDM finally admitted in writing on March 10, 2015, that "all claims are liabilities against the named individual(s) have been paid in regard to the claim placed with PDM as indicated above."

30.  Amazingly, as of June 2015, Defendants still had this false reporting on Plaintiff.

31.   Defendant PDM also had the false reporting on Equifax although at least there it showed a zero balance.

32.   Defendants failed to properly investigate this dispute, as if Defendants had properly investigated, the negative information would have been deleted.

33.   Defendants continued to report this negative information even with the proof from Defendant PDM showing that the account was to be deleted.

34.   Defendants were provided with more than sufficient information in the dispute and in their own sources of information to conduct an investigation and to conclude that the account was being reported incorrectly.

35.   Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in each Defendant's files and to conduct a reasonable investigation on Plaintiff's disputes, which led as a direct result and consequence to the Defendants either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA and state law.

36.   Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, thus violating federal law as set

7

forth in this Complaint and causing Plaintiff to suffer damages by damaging her credit worthiness.

37. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit worthiness, ability to apply for and receive credit, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

38. It is a practice of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

39. Defendant Experian is a sophisticated business and it knows its conduct is wrong.

40. Defendant PDM is a sophisticated business and it knows its conduct is wrong.

41. All actions taken by Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or that they knew or should have known that their actions were in reckless disregard of the FCRA.

42.    Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by Defendants and similar companies.

43.    Defendants are liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by its employees and agents.

44.    Plaintiff has suffered actual damages as a result of these illegal actions by Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

45.    All actions taken by employees, agents, servants, or representatives of any type for either Defendant were taken in the line and scope of such individuals' employment, agency or representation.

46.    At no time has either Defendant told or implied to Plaintiff that any conduct by any agent or employee of that Defendant was outside the line and scope of such employment or agency.

47.   Defendants were motivated to do these wrongful acts in order to help Defendant PDM try to collect money Plaintiff does not owe which directly benefits Defendant PDM and helps cement Defendant Experian's importance in helping debt collectors collect money by using the powerful tool of false credit reporting.

### Additional Factual Allegations Against Defendant PDM

48.   Defendant PDM has continued to collect against Plaintiff when Plaintiff did not owe any money to Defendant PDM on this account, which violates the alleged agreement creating this debt as the agreement does not allow for collecting a debt that is zero from anyone, including Plaintiff.

49.   Defendant PDM has misrepresented the debt as being owed, when it was not owed after the June 2012 settlement.

50.   Defendant PDM has misrepresented the debt, including the legal status of the debt, as none was owed during the time that Defendant PDM has been collecting on the debt after June 2012.

51.   Defendant PDM has taken action it knows is illegal including false credit reporting.

52.   Defendant PDM knew that by its conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiff

would be harassed, oppressed, and abused by the collection activities and by all other wrongful acts described in this Complaint.

53.   The debt being collected is a consumer debt as defined by the FDCPA.

54.   Plaintiff is a "consumer" as defined by the FDCPA.

55.   Defendant PDM is a "debt collector" as defined by the FDCPA as when it allegedly received the supposed debt owed by Plaintiff, the alleged debt was in default and the collecting of defaulted debt is a major part of the business of Defendant PDM.

56.   Defendant PDM has full knowledge of what it is doing by its wrongful collection activities including illegal credit reporting – it is a sophisticated debt collector and the decisions outlined in this Complaint and that will be shown through discovery were not "rogue" or "outlier" decisions but instead represent a well thought out plan and scheme to take money from Alabama consumers (including Plaintiff) that Defendant PDM has no right to take under state law, the FCRA and under the FDCPA.

57.   The conduct of the Defendant PDM has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

58. It is a practice of the Defendant PDM to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

59. All actions taken by the Defendant PDM were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FDCPA and/or FCRA and/or state law and/or that it knew or should have known that its actions were in reckless disregard of the FDCPA and/or FCRA and/or state law.

## CAUSES OF ACTION

### COUNT I. (BOTH DEFENDANTS)

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq.

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. Defendant Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

62. Plaintiff notified Defendant Experian directly of a dispute on the PDM account completeness and/or accuracy, as reported.

63. Defendant Experian properly notified Defendant PDM of the dispute as required by the FCRA.

64.	Alternatively, Defendant Experian did not properly notify Defendant PDM of the dispute as required by the FCRA.

65.	Defendant Experian failed to investigate, failed to delete information found to be inaccurate, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's disputes in violation of 15 U.S.C. § 1681i and this was done negligently and/or wantonly and/or willfully.

66.	Plaintiff alleges that at all relevant times Defendant Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

67.	Defendant PDM is a "furnisher" as defined by the FCRA as it furnishes information to one or more consumer reporting agencies.

68.	Defendant PDM was properly notified of Plaintiff's disputes.

69.	Defendant PDM refused to properly investigate as required by the FCRA.

70.	Defendant PDM knew it had promised to delete the account but refused to do so which is not only unreasonable but also wanton or willful conduct.

71.	Plaintiff alleges that both Defendants PDM and Experian failed to conduct a proper and lawful reinvestigation.

72.   All actions taken by the Defendants PDM and Experian were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or that they knew or should have known that their actions were in reckless disregard of the FCRA.

73.   All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## COUNT II. (DEFENDANT PDM ONLY)

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692d

74.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

75.   Section 1692d states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

76.   Defendant PDM violated Section 1692d by collecting this debt as alleged in this Complaint in paragraphs 1-59.

77.   Certainly continuing to falsely credit report and collecting an admittedly un-owned debt is harassing conduct.

78.    The conduct of the Defendant PDM has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
## 15 U.S.C. § 1692e

79.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80.    Section 1692e prohibits, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section [and the subsections of 1692e follow]."

81.    Defendant PDM violated Section 1692e by collecting this debt as alleged in this Complaint in paragraphs 1-59.  This includes false credit reporting and other lies made to Plaintiff that Plaintiff owed the debt when Plaintiff did not owe the debt after June 2012.

82.    The conduct of the Defendant PDM has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and

credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IV.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)

83. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84. Section 1692e(2) prohibits, "The false representation of the character, amount, or legal status of any debt;"

85. Defendant PDM violated Section 1692e(2) by collecting this debt as alleged in this Complaint in paragraphs 1-59. No debt was owed after the settlement and all actions of Defendant PDM stating otherwise are false.

86. The conduct of the Defendant PDM has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT V.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(8)

87. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

88.     Section 1692e(8) prohibits, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

89.     Defendant PDM violated Section 1692e(8) by collecting this debt as alleged in this Complaint in paragraphs 1-59. Defendant PDM knew no credit reporting was allowed on this account but it falsely reported this account on multiple occasions.

90.     The conduct of the Defendant PDM has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VI.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

91.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

92.     Section 1692e(10) prohibits, "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

93.    Defendant PDM violated Section 1692e(10) by collecting this debt as alleged in this Complaint in paragraphs 1-59.

94.    The conduct of the Defendant PDM has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

95.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

96.    Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

97.    Defendant PDM violated Section 1692f by collecting this debt as alleged in this Complaint in paragraphs 1-59.  It is fundamentally unfair to collect a debt that is not owed.

98.    The conduct of the Defendant PDM has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VIII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f(1)

99.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

100.   Section 1692f(1) forbids, "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

101.   Defendant PDM violated Section 1692f(1) by collecting this debt when the account agreement never authorized collecting a debt no longer owed and as alleged in this Complaint in paragraphs 1-59.

102.   The conduct of the Defendant PDM has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VIII. (DEFENDANT PDM ONLY)

## INVASION OF PRIVACY

103.   Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant PDM violated Alabama state law as described in this Complaint in paragraphs 1-59.

104. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

105. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

106. Defendant PDM intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

107. Defendant PDM intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

108. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

109. The conduct of Defendant PDM, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant PDM which occurred in a way that would be highly offensive to a reasonable person in that position.

110. Defendant PDM has continued to publicly state through credit reporting that Plaintiff owes the debt to Defendant PDM when Defendant PDM knows this is untrue.

111. All of the wrongful acts described in this Complaint (paragraphs 1-59) demonstrate the wrongful scheme, plan, and design of Defendant PDM in its campaign of improper debt collection, which has led to the Plaintiff's privacy being invaded.

112. The conduct of the Defendant PDM has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and

credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

113. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant PDM.

114. All acts of Defendant PDM were committed with malice, intent, wantonness, and/or recklessness and as such Defendant PDM is subject to punitive damages.

## COUNT IX. (DEFENDANT PDM ONLY)

## NEGLIGENT HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

115. Defendant PDM's collectors are allowed and encouraged to break state law in order to collect debts.

116. This includes all of the violations of the law described in this Complaint in paragraphs 1-59.

117. Defendant PDM is aware of the wrongful conduct of its collectors.

118. Defendant PDM negligently hired, trained, retained or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant PDM is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

119. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a sophisticated debt collector with compliance employees and lawyers, could possibly allow repeated false credit reporting to happen over such a period of time, unless this was part of a plan to be negligent in allowing incompetent collectors to run wild and damage Plaintiff while Defendant PDM sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

120. The conduct of the Defendant PDM has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT X. (DEFENDANT PDM ONLY)

## WANTON HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

121. Defendant PDM's collectors are allowed and encouraged to break state law in order to collect debts.

122. This includes all of the violations of the law described in this Complaint in paragraphs 1-59.

123. Defendant PDM is aware of the wrongful conduct of its collectors.

124. Defendant PDM wantonly hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant PDM is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

125. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a sophisticated debt collector with compliance employees and lawyers, could possibly allow repeated false credit reporting to happen over such a period of time, unless this was part of a plan to be wanton in allowing incompetent collectors to run wild and damage Plaintiff while Defendant PDM sat back to reap the rewards of the wrongful conduct it had sowed.  The details of this will come out in discovery.

126. The conduct of the Defendant PDM has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XI. (DEFENDANT PDM ONLY)

## INTENTIONAL HIRING, TRAINING, AND
## SUPERVISION OF INCOMPETENT DEBT COLLECTORS

127.   Defendant PDM's collectors are allowed and encouraged to break state law in order to collect debts.

128.   This includes all of the violations of the law described in this Complaint in paragraphs 1-59.

129.   Defendant PDM is aware of the wrongful conduct of its collectors.

130.   Defendant PDM intentionally hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant PDM is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

131.   Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a sophisticated debt collector with compliance employees and lawyers, could possibly allow repeated false credit reporting to happen over such a period of time, unless this was part of a plan to be intentional in allowing incompetent collectors to run wild and damage Plaintiff while Defendant PDM sat back to reap the rewards of the wrongful conduct it had sowed.  The details of this will come out in discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, **PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendants Experian and PDM for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
***Attorneys for Plaintiff***

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

**Attorney for Plaintiff**

**Serve defendants via certified mail at the following addresses:**

Professional Debt Mediation, Inc.
c/o CSC Lawyers Incorporating Srvc Inc
150 South Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104