UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MASTAKI SMITH,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.:  2:16-cv-00258-RDP |
| } | |
| **PROFESSIONAL DEBT MEDIATION,** } | |
| **INC., et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

This case is before the court on Defendant Professional Debt Mediation, Inc.'s ("PDMI") Motion for Judgment on the Pleadings (Doc. # 23) and Motion to Deposit Funds with the Court (Doc. # 32). Plaintiff has responded to the motions. (Docs. # 26, 36). Defendant PDMI has filed reply briefs supporting the motions. (Docs. # 27, 39).

**I.      Procedural History**

In February 2016, Plaintiff filed a complaint against Defendants PDMI and Experian Information Solutions, Inc. ("Experian"). (*See generally* Doc. # 1). The complaint presents one cause of action against Experian and sixteen causes of action against PDMI. (*See id.* at ¶¶ 60-131). According to Plaintiff, PDMI violated both the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). (*See id.* at ¶¶ 60-102). Plaintiff also alleges that PDMI committed the following violations of Alabama state law: (1) invasion of privacy, (2) negligent hiring, training, and supervision of debt collectors, (3) wanton hiring, training, and supervision of debt collectors, and (4) intentional hiring, training, and supervision of incompetent debt collectors. (*See id.* at ¶¶ 103-31).

Defendant PDMI has moved for judgment on the pleadings for Plaintiff's four state-law claims. (Doc. # 23 at 1). PDMI first argues that the state-law causes of action are expressly preempted by the FCRA. (*Id.* at 6-12). Next, it contends that Plaintiff's hiring, supervision, and training tort claims fail to state a claim for relief because those claims seek tort damages for an action premised upon a breach of contract. (*Id.* at 12-13). PDMI also has requested that the court grant it leave to deposit $15,000 with the court to provide complete relief for all of Plaintiff's claims, pursuant to Federal Rule of Civil Procedure 67. (Doc. # 32 at 1, 6).

**II.   Background Facts**

In 2012, Plaintiff agreed to settle a consumer debt that was owned by Defendant PDMI and paid PDMI $2,595. (Doc. # 1 at ¶¶ 21-23). PDMI agreed to "request manual deletion of any negative trade lines associated" with Plaintiff as a term of the settlement. (*Id.* at ¶ 24). Plaintiff later discovered that the consumer debt account remained on his Experian credit report. (*Id.* at ¶ 25). Plaintiff disputed his credit report, but "Experian kept the account on Plaintiff's credit report with a current balance owed." (*Id.* at ¶ 26).

Plaintiff alleges that PDMI admitted on March 10, 2015 that he had paid the consumer debt indicated on his credit report. (*Id.* at ¶ 29). Yet, the settled debt remained on his credit report in June 2015. (*Id.* at ¶ 30). According to Plaintiff, "Defendants continued to report this negative information even with the proof from Defendant PDM[I] showing that the account was to be deleted." (*Id.* at ¶ 33). When Plaintiff called Defendants to report the error, they refused to admit that the settled debt account should be deleted from his credit report. (*Id.* at ¶ 28).

Moreover, PDMI violated the settlement agreement by continuing its collection efforts after entering into the settlement. (*Id.* at ¶ 48). It misrepresented that Plaintiff still owed payment for the debt after he had agreed to and complied with the settlement. (*Id.* at ¶ 49). Plaintiff's complaint charges that PDMI "maliciously, willfully, intentionally, recklessly, and/or

negligently" failed to review his disputes or reasonably investigate those disputes. (*Id.* at ¶ 35). According to Plaintiff, PDMI acted maliciously and willfully and conducted its actions "with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff."[1] (*Id.* at ¶ 59).

Plaintiff claims that PDMI invaded his privacy, in violation of Alabama law, "by repeatedly and unlawfully attempting to collect a debt." (*Id.* at ¶ 106). Moreover, he claims that the company negligently, wantonly, and/or intentionally hired, trained, and supervised debt collectors "who were allowed or encouraged to violate the law." (*Id.* at ¶¶ 118, 124, 130). Plaintiff's complaint categorizes PDMI as a "furnisher" of information to credit reporting agencies for purposes of the FCRA and as a "debt collector" for purposes of the FDCPA. (*Id.* at ¶¶ 55, 67).

### III.   Standard of Review

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. The standard is a familiar one. "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001); *see Bank of New York Mellon v. Estrada*, 2013 WL 3811999, at *1 (N.D. Ill. July 22, 2013) ("A Rule 12(c) motion for judgment on the pleadings is 'designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice.'" (citations omitted)). The court must

---

[1] In addition, Plaintiff alleges that PDMI either knew its conduct violated the FCRA, the FDCPA, and/or state law, or that it acted in reckless disregard of the FCRA, the FDCPA, and state law. (Doc. # 1 at ¶ 59).

accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. *Cannon*, 250 F.3d at 1301.

A Rule 12(c) motion for judgment on the pleadings is analyzed the same as a Rule 12(b)(6) motion to dismiss. *Griffin v. SunTrust Bank, Inc.*, 157 F. Supp. 3d 1294, 1295 (N.D. Ga. 2015). Accordingly, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted); *see also Losey v. Warden*, 521 F. App'x 717, 719 (11th Cir. 2013) (applying the plausibility standard articulated in *Iqbal* to an appeal concerning a Rule 12(c) judgment on the pleadings).

A complaint states a plausible claim for relief "when [a] plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although detailed facts are not needed, a plaintiff is obligated to provide as grounds for entitlement to relief more than mere labels and conclusions. *Id.* Formulaic recitations of the elements of a cause of action do not satisfy a plaintiff's burden. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Under Rule 67, "[i]f any part of the relief sought is a money judgment . . . , a party [--] on notice to every other party and by leave of the court [--] may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Fed. R. Civ. P. 67(a). The court has broad discretion in deciding whether to grant a party relief under Rule 67. *Fulton Dental, LLC v. Bisco, Inc.*, 2016 WL 4593825, at *2 (N.D. Ill. Sept. 2, 2016). In most circumstances, funds are deposited with a court under Rule 67 "to relieve the depositor of responsibility for a

disputed fund while the parties litigate its ownership." *Engineered Med. Sys., Inc. v. Despotis*, 2006 WL 1005024, at *2 (S.D. Ind. Apr. 14, 2006). "Few standards govern the court's discretion to grant Rule 67 deposits, but courts generally agree that the deposited funds must truly be in dispute." *Fulton Dental*, 2016 WL 4593825, at *3.

**IV.     Analysis of Motion for Judgment on the Pleadings**

In its motion for judgment on the pleadings, PDMI argues that Plaintiff's state law claims are preempted by 15 U.S.C. § 1681t(b)(1)(F) because PDMI's disclosures of information to Experian and other credit reporting agencies are regulated under 15 U.S.C. § 1681s-2. (Doc. # 23 at 6-7, 10). PDMI contends that Section 1681t(b)(1)(F) preempts "all state law claims against furnishers of credit information related to their credit reporting activity," notwithstanding a narrower preemption statute relating to invasion of privacy claims in 15 U.S.C. § 1681h(e). (*Id.* at 7-8). In the alternative, PDMI argues that Plaintiff's claims for wanton and intentional hiring, training, and supervising are preempted under § 1681h(e) because Plaintiff has only presented "conclusory" allegations that PDMI acted with actual malice or willful intent to injure him. (*Id.* at 11-12).

Plaintiff responds that there is a split in authority on this issue among the judges of this court. (Doc. # 26 at 4). Moreover, he contends that the Eleventh Circuit has persuasively indicated -- in a non-binding, unpublished opinion -- that state law claims against furnishers of credit information are not completely preempted by Section 1681t(b)(1)(F). (*Id.*). Plaintiff points out that the undersigned has not accepted the complete preemption argument presented by PDMI in earlier opinions addressing this issue. (*Id.* at 3).

The resolution of this issue depends on determining the interaction between two preemption provisions in the FCRA. Section 1681h(e), a limitation of liability contained in a

FCRA subsection governing disclosures of information by consumer reporting agencies, provides:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to . . . any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, . . . except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). Section 1681t, which addresses the relationship between the FCRA and state laws, provides in relevant part that "[n]o requirement or prohibition may be imposed under the laws of any State [ ] with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."[2]  *Id.* § 1681t(b)(1)(F) (listing particular exceptions to the preemption provision that do not apply to the present case).

The difficulty in reconciling these FCRA preemption provisions has resulted in a number of different approaches. Judge William Acker identified five approaches that have been used by judges of this court:

> Four judges . . . have found that § 1681h(e) applies and permits claims based upon malice against furnishers of credit information. *Morgan v. Midland Funding, LLC*, No. 2:12–cv–3846–RDP, [at] *3 (N.D. Ala. Jan. 4, 2013); *Wood v. Midland Funding, LLC*, No. 2:12–cv–2703–KOB, 2013 WL 360146, [at] *4 (N.D. Ala. Jan. 29, 2013); *Gamble v. Midland Funding, LLC*, No. 2:12–cv–4186–AKK, 2013 WL 979202, [at] *2 (N.D. Ala. Mar. 7, 2013); *Dial v. Midland Funding, LLC*, No. 2:14–cv–663–TMP, [2015 WL 751662, at *9] (N.D. Ala. Jan. 15, 2015).
>
> Three judges have found that § 1681t(b)(1)(F) applies and bars all related state law claims against furnishers. *Barnett v. JP Morgan Chase Bank, N.A.*, No. 1:12–

---

[2] Section 1681s-2 of the FCRA prohibits a furnisher of information from providing information to a consumer reporting agency if it knows or has reasonable cause to believe that the information is inaccurate. 15 U.S.C. § 1681s-2(a)(1)(A). Section 1681s-2 also prohibits a furnisher of information from reporting information after it has been informed by a consumer that the information is inaccurate (so long as the information is actually inaccurate). *Id.* § 1681s-2(a)(1)(B). Furthermore, Section 1681s-2 requires a furnisher to conduct an investigation after receiving a notice of dispute from a customer. *Id.* § 1681s-2(a)(8)(E). Accordingly, the conduct underlying all of Plaintiff's state law claims is regulated under Section 1681s-2.

> cv–1745–VEH, 2013 WL 3242739, [at] *13 (N.D. Ala. June 26, 2013); *Williams v. Student Loan Guar. Found. of Ark.*, No. 5:12–cv–2940–JHE, 2015 WL 241428, [at] *13 (N.D. Ala. Jan. 20, 2015) (Haikala, J., adopting report and recommendation of England, Mag. J.).
>
> Two judges have found that § 1681h(e) applies to state torts, while § 1681t(b)(1)(F) applies to statutory causes of action. *McCloud v. Homeside Lending*, 309 F. Supp. 2d 1335, 1341–42 (N.D. Ala.2004) (Smith, J.); *Champion v. Global Credit Card Serv., LLC*, No. 2:12–cv–1966–IPJ, 2012 WL 3542225, [at] *6 (N.D. Ala. Aug. 15, 2012).
>
> One judge has found that § 1681h(e), by its language, does not cover furnishers, while § 1681t(b)(1)(F) does, so state law claims are preempted. *Schlueter v. BellSouth Telecommunications*, 770 F. Supp. 2d 1204, [1210-11] ([N.D. Ala.] 2010) (Blackburn, J.).
>
> One judge has applied § 1681h(e) to actions taken before furnishers are notified by a consumer reporting agency of a dispute; § 1681t(b)(1)(F) applies after the dispute. *Woltersdorf v. Pentagon Fed. Credit Union*, 320 F. Supp. 2d 1222, [1226] (N.D. Ala. 2004) (Hancock, J.).

*Dial v. Midland Funding, LLC*, 2015 WL 751690, at *6-7 (N.D. Ala. Feb. 23, 2015). In an earlier opinion, the undersigned concluded that Section 1681h(e) affords no protection to a furnisher of information, such as PDMI, from a defamation claim if the information provided to the consumer reporting agency "was both false and also given with the malicious or willful intent to damage the consumer." *Jackson v. HSBC Mortgage Servs., Inc.*, 2014 WL 5100089, at *5 (N.D. Ala. Oct. 10, 2014) (quoting *Lofton-Taylor v. Verizon Wireless*, 262 F. App'x 999, 1002 (11th Cir. 2008)). The *Jackson* opinion noted the separate FCRA preemption provision in Section 1681t(b)(1)(F), but applied the express exception to FCRA preemption in Section 1681h(e) for state law defamation claims premised on malicious dissemination of false information. *Id.*

A review of case law from the circuit courts of appeal provides some persuasive authority for PDMI's argument that the preemption provision in Section 1681t(b)(1)(F) applies to Plaintiff's invasion of privacy claim. The Seventh Circuit has held that Section 1681t(b)(1)(F) is

7

a broader preemption statute than Section 1681h(e) and applies to preempt all state law claims covered by Section 1681s-2 against furnishers of information unless the specific exceptions in Section 1681t(b)(1)(F) apply. *Purcell v. Bank of Am.*, 659 F.3d 622, 625-26 (7th Cir. 2011). It concluded that the specific-over-general canon of statutory construction cannot reconcile the two preemption provisions because "each statute is more specific in one respect and more general in another." *Id.* Instead, the *Purcell* court relied on the norm "that courts do not read old statutes to defeat the operation of newer ones"; accordingly, it applied the broader preemption provision in Section 1681t(b)(1)(F) because that provision was passed in 1996, twenty-six years after the passage of Section 1681h(e). *Id.* The Second Circuit has adopted the Seventh Circuit's holding from *Purcell*. *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47-48 (2d Cir. 2011). Specifically, the *Macpherson* opinion rejected a claim that Section 1681h(e) authorizes state defamation, invasion of privacy, and negligence claims premised upon conduct committed with malicious or willful intent. *See id.* (noting that the plaintiff had advanced that argument and rejecting that interpretation of Section 1681h(e)).

In an unpublished opinion, the Eleventh Circuit interpreted and applied the preemption provision in Section 1681h(e). *See Lofton-Taylor v. Verizon Wireless*, 262 F. App'x 999 (11th Cir. 2008). The *Lofton-Taylor* opinion interpreted Section 1681h(e) to provide that a furnisher under the FCRA "is protected from state law defamation and invasion of privacy claims unless the information it provided was both false and also given with the malicious or willful intent to damage the consumer." *Id.* at 1002. Applying this standard, the Eleventh Circuit held that the plaintiff's state law invasion of privacy and defamation claims were preempted because the plaintiff had provided no evidence that the furnisher offered false information to a reporting agency or that the furnisher acted with malicious or willful intent. *Id.* The Eleventh Circuit

8

expressly declined to address whether Section 1681t(b)(1)(F) preempted the plaintiff's claims. *Id.* at 1002-03.[3]

After careful review, and with the benefit of oral argument, the court adheres to the conclusion it reached in *Jackson* on this issue. *See Jackson*, 2014 WL 5100089, at *5. The preemption provision in Section 1681h(e) specifically addresses when the FCRA preempts state law invasion of privacy and negligence claims against furnishers of information. Moreover, Section 1681h(e) contains a specific exception to preemption, under which such claims may be brought against furnishers. Accordingly, an invasion of privacy or negligence claim against a furnisher is not preempted by the FCRA if the information provided was false and the furnisher acted with malicious or willful intent to damage the consumer. *Lofton-Taylor*, 262 F. App'x at 1002. Plaintiff's complaint alleges that (1) PDMI reported false information to Experian and (2) PDMI committed actions with "malice," willful intent, and "either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff." (Doc. # 1 at ¶¶ 31, 59). Whether or not the Rule 56 evidence or the trial evidence supports these allegations remains to be seen. But, for now, the court concludes that Plaintiff's invasion of privacy claim is sufficient to withstand the FCRA's applicable preemption provision.

Plaintiff's claims for negligent, wanton, and intentionally wrongful hiring, training, and supervision, however, are expressly preempted by the FCRA. Plaintiff's state law tort claims based on wanton or intentional hiring, training, and supervision (Counts X and XI of the complaint) do not fall within the three categories of tort claims described in Section 1681h(e). *See* 15 U.S.C. § 1681h(e). And, Plaintiff argues that those claims relate to his invasion of

---

[3] Three other circuit courts of appeal have declined to address the relationship between the preemption provisions in Section 1681h(e) and Section 1681t(b)(1)(F). *See Ross v. FDIC*, 625 F.3d 808, 814 n. * (4th Cir. 2010); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1165-67 (9th Cir. 2009) (discussing this "difficult issue of first impression" but declining to decide it); *Beyer v. Firstar Bank N.A.*, 447 F.3d 1106, 1108 (8th Cir. 2006).

privacy claim, which clearly is premised upon the furnishing of false information to consumer reporting agencies. (*See* Doc. # 26 at 4). Therefore, Counts X and XI against PDMI, a furnisher of information for purposes of the FCRA, are preempted by Section 1681t(b)(1)(F) of the FCRA. Plaintiff's negligent hiring, training, and supervision claim (Count IX) does fall within the scope of Section 1681h(e). However, Count IX logically cannot fall within the exception to Section 1681h(e) preemption for conduct committed with malicious or willful intent because a negligent act cannot be committed with malicious or willful intent. *See Johnson v. Citimortgage, Inc.*, 351 F. Supp. 2d 1368, 1379-80 (N.D. Ga. 2004) ("[W]here there is a requirement of 'malice or willful intent to injure' there is no cause of action for negligence. Because negligence claims, by definition, are not premised upon Defendant's malice or willful intent to injure, negligence claims are preempted by § 1681h(e)."). Therefore, Counts IX, X, and XI are due to be dismissed without prejudice as preempted by the FCRA.[4]

## V.     Analysis of PDMI's Motion to Deposit Funds

In this motion, Defendant PDMI seeks leave to deposit $15,000 with the court as complete relief for Plaintiff's actual and statutory damages. (Doc. # 32 at 9-10). PDMI argues that some courts have allowed a defendant to moot a case or controversy by depositing sufficient

---

[4] The court need not decide -- and does not decide -- whether Counts IX, X, and XI are due to be dismissed for alleging a hiring, training, and supervision tort claim premised upon an alleged breach of a contract. (*See* Doc. # 23 at 12-13). The court observes, though, that this argument is questionable at best because the complaint alleges that PDMI's employees falsely reported information about the settled debt to Equifax, in addition to Plaintiff's allegations that PDMI failed to complete its obligations from the settlement agreement. (*See* Doc. # 1 at ¶ 31).

Although PDMI does not argue that Counts IX, X, and XI should be dismissed under Rule 12(b)(6) for failure to state a claim, the court notes that these claims appear to present conclusory allegations that PDMI negligently, wantonly, or intentionally hired, trained, and supervised its debt collectors in a fashion that led them to violate state (and federal) law. (*See* Doc. # 1 at ¶¶ 118, 124, 130). Plaintiff expressly asserts in the complaint that he is not aware of "the details of the incompetent hiring, training, and supervision of debt collectors" because he had not received the benefit of discovery at the time of filing. (*See id.* at ¶¶ 119, 125, 131). In this respect, the complaint puts the cart before the horse. *Iqbal* expressly states that a plaintiff cannot proffer conclusory legal allegations of a defendant's wrongful conduct to receive the benefit of discovery. 556 U.S. at 678-79 (asserting that the Federal Rules of Civil Procedure do not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). Nonetheless, the court need not decide whether Counts IX, X, and XI are due to be dismissed under Rule 12(b)(6).

funds with the court to afford a plaintiff complete relief. (*Id.* at 5). Accordingly, PDMI requests that the court grant it leave to deposit $15,000, enter a judgment in favor of Plaintiff for $15,000, set a briefing schedule to determine the reasonable attorneys' fees owed by PDMI to Plaintiff's counsel, and dismiss Plaintiff's claims with prejudice as moot. (*Id.* at 10).

Plaintiff responds that PDMI's offer does not fully satisfy his claims against the company. (Doc. # 36 at 5-6). He notes that the opinions PDMI relies upon addressed cases where plaintiffs sought "sum certain" statutory damages. (*Id.* at 7-9). In contrast, Plaintiff seeks damages for emotional distress, mental anguish, and economic harm. (*Id.* at 5). Moreover, he has requested punitive damages that can be awarded under Alabama law or the FCRA. (*Id.* at 6). Plaintiff highlights that PDMI seeks "to deposit less than 1/5 of what Plaintiff has demanded" as full relief. (*Id.* at 11).

In *Campbell-Ewald Company v. Gomez*, the Supreme Court held that a plaintiff's complaint does not become moot when the plaintiff rejects an offer of complete relief from a defendant, pursuant to Rule 68. 136 S. Ct. 663, 670 (2016). The Court expressly refrained from deciding "whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id.* at 672.

Following *Campbell-Ewald*, several courts have addressed whether to accept a deposit to the court for complete monetary relief and whether such a deposit moots a plaintiff's case. Most district courts have concluded that a deposit of complete monetary relief with the district court, along with complete equitable relief if requested, moots a plaintiff's individual action against a defendant and calls for a judgment in plaintiff's favor on the claims at issue. *See, e.g.*, *Gray v. Kern*, 143 F. Supp. 3d 363, 367 (D. Md. 2016) (concluding that "a measure which makes absolutely clear that the defendant will pay the complete relief the plaintiff can recover and that

11

the plaintiff will be able to receive that relief will moot the issue in controversy"); *S. Orange Chiropractic Ctr., LLC v. Cayan LLC*, 2016 WL 1441791, at *5 (D. Mass. Apr. 12, 2016) (concluding that a plaintiff's individual claims can be mooted by "providing a plaintiff with the full amount of statutory damages and the full scope of equitable relief"); *Leyse v. Lifetime Entm't Servs., LLC*, 171 F. Supp. 3d 153 (S.D.N.Y. 2016), *aff'd*, 2017 WL 659894 (2d Cir. Feb. 15, 2017). A common thread among those cases is that the plaintiff was entitled to recover a sum certain amount of damages set by statute. *See, e.g.*, *Gray*, 143 F. Supp. 3d at 369-70 (concluding that the plaintiff's damages were limited to $200,000 by Maryland's Local Government Tort Claims Act); *S. Orange Chiropractic*, 2016 WL 1441791, at *1 (asserting that the defendant offered to pay $7,500 in monetary damages, which exceeded the $1,500 in damages that the plaintiff could recover through the Telephone Consumer Protection Act ("TCPA")); *Leyse*, 171 F. Supp. 3d at 155-56 (concluding that the defendant's offer to deposit $1,503 for a TCPA claim and consent to a judgment against it mooted the case). In this case, Plaintiff has presented some claims for which he may receive statutory damages. *See* 15 U.S.C. § 1692k(a) (allowing a court to award "additional damages" of up to $1,000 per action for FDCPA cases, in addition to actual damages suffered by the plaintiff); 15 U.S.C. § 1681n(a)(1)(A) (allowing a court to award a plaintiff actual damages or up to $1,000 in statutory damages). But, other claims in the complaint allow (or, better said, require) Plaintiff to recover actual damages and punitive damages from PDMI. *See* 15 U.S.C. § 1692k(a)(1) (allowing a court to award a plaintiff actual damages); 15 U.S.C. § 1681n(a)(1) (allowing a court to award a plaintiff actual damages and punitive damages); *Phillips v. Smalley Maint. Servs., Inc.*, 435 So. 2d 705, 711-12 (Ala. 1983) (holding that a plaintiff in an invasion-of-privacy action may recover general damages and "special damages which proximately result from the breach of his privacy," including damages for mental suffering).

Here, the relief sought by Defendant PDMI is unsupported by *Campbell-Ewald*. Nor is it supported by cases in which courts have allowed defendants to deposit funds with the court to moot actions in which plaintiffs seek damages limited by operation of law. In this case, Plaintiff is seeking -- and might be entitled to recover -- actual damages and punitive damages from PDMI, in addition to statutory damages under the FCRA or FDCPA. (*See* Doc. # 1 at 26 (prayer for relief)). *See also* 15 U.S.C. § 1692k(a)(1); 15 U.S.C. § 1681n(a)(1); *Phillips*, 435 So. 2d at 711-12. Plaintiff's complaint does not state the amount of actual damages he has suffered, but alleges that PDMI's conduct caused actual monetary losses, harm to Plaintiff's creditworthiness, mental distress, and emotional anguish. (*See* Doc. # 1 at ¶¶ 78, 112). Ultimately, Plaintiff seeks more than $75,000 in total damages. (*Id.* at 26). PDMI has only offered $15,000 in relief for all of Plaintiff's claims. (Doc. # 32 at 6). Given this discrepancy, the court could not possibly conclude that Defendant PDMI's offer of deposit moots Plaintiff's claims against PDMI by affording complete relief. *Cf. Keim v. ADF Midatlantic, LLC*, 586 F. App'x 573, 574 (11th Cir. 2014) (determining that a defendant's offer of payment for a plaintiff's TCPA claims did not suffice to moot the case because the defendant did not specify the number of TCPA violations it had committed).

PDMI clearly seeks to deposit the funds for the sole purpose of mooting Plaintiff's action under a novel application of Rule 67. (*See* Doc. # 32 at 6). PDMI's Rule 67 motion essentially asks the court to make an economic determination of the value of Plaintiff's remaining claims. (*See id.* at 9-10 (claiming that $15,000 "would more than cover the statutory and actual damages to which Plaintiff could be entitled if successful")). The court cannot do so for at least two reasons. First, the court does not have enough evidence to determine the extent of Plaintiff's damages or the value of his claims. Second, the court is not the arbiter who determines the

amount of actual or punitive damages Plaintiff is entitled to under the facts – that role is emphatically reserved for the jury. Accordingly, PDMI's Rule 67 motion is due to be denied.

## VI.  Conclusion

For the reasons stated above, Defendant PDMI's motion for judgment on the pleadings (Doc. # 23) is due to be granted in part and denied in part. Counts IX, X, and XI of Plaintiff's complaint are due to be dismissed because they are preempted by the FCRA, pursuant to Section 1681h(e) or Section 1681t(b)(1)(F). In all other respects, PDMI's motion for judgment on the pleadings is due to be denied. Additionally, PDMI's motion to deposit funds with the court (Doc. # 32) is due to be denied. A separate order will be entered.

**DONE** and **ORDERED** this April 5, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE